ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB - 6 2006
U.S. COURT OF FEDERAL CLAIMS

JOHN SNOW, INC. §
44 Farnsworth Street §
Boston, Massachusetts 02210-1211 §
§
Plaintiff, §
§
v. § Case No. 06-97 C
§
THE UNITED STATES OF AMERICA §
§
Defendant. §
§

**PLAINTIFF'S MOTION FOR NOTICE TO INTERESTED THIRD PARTY – ICS TECHNOLOGIES, INC.**

Plaintiff John Snow, Inc., by and through counsel, pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims, files this Motion for Notice to Interested Third Party ICS Technologies, Inc. Plaintiff requests the Court to enter an Order for the Clerk of the Court to issue a Notice to ICS Technologies, Inc. of this pending action. As grounds for this Motion, Plaintiff states as follows:

1. **ICS Technologies, Inc.** ("ICS") is a District of Columbia corporation established in 1984, whose headquarter offices are located at **6663-A Old Dominion Drive, McLean, Virginia 22101.** The **President and Registered Agent** for service of process is **Fawaz H. Arafat**. At all times relevant, ICS also maintained an office in New Maadi, Cairo, Egypt to service several procurement orders under the USAID Healthy Mother Healthy Child Project. ICS is a contractor for some of the medical technology projects in the Middle East, whose experience includes the supply and installation of medical equipment.

2. Plaintiff John Snow, Inc. ("JSI") procured the 119 infant incubators from ICS for USAID's Healthy Mother Healthy Child Project. JSI and ICS entered into Purchase Contract No. 04-01-205 dated June 13, 2001, under which ICS agreed to supply ninety-four (94) Preemicare incubators for the purchase price of $620,274.55. JSI and ICS entered into Amendment #1 to Purchase Contract No. 04-01-205 as of November 30, 2005, under which ICS agreed to supply twenty-five (25) additional incubators for the purchase price of $165,605.80.

3. JSI paid ICS the sum of $785,880.35, the costs of the incubators. This is the amount of costs which USAID subsequently disallowed.

4. Under the Warranty clause of the Purchase Contract, ICS agreed that it would replace or repair the medical commodities, spare parts, and parts of such commodities found to be defective due to faulty design, workmanship or materials. Replacements and repairs were to be made without cost to JSI. ICS received notice of the warranty claims. In response to the warranty claims, ICS undertook repairs and modifications to the incubators. USAID asserts, however, that ICS has failed to honor its warranty obligations. To the extent to which ICS has failed to honor its warranty obligations, ICS has breached the Warranty clause of the Purchase Contract and is liable to JSI and/or USAID. Also, if there were defects in the incubators that were not remedied by ICS, to the extent to which USAID's disallowance of costs is deemed valid and enforceable by this Court, ICS is liable to JSI and/or USAID for the disallowed costs.

5. The Final Decision issued by USAID's Contracting Officer, Roy Plucknett, contends that JSI had not diligently prosecuted warranty claims or other claims against ICS or Preemicare, the manufacturer. JSI disputes this conclusion. Upon

information and belief, ICS also disputes this conclusion and the implication that ICS failed to provide warranty service.

6. ICS, as a supplier of commodities on a USAID contract, was required to sign USAID's Form 1450, "Supplier Certificate and Agreement" and agree to its terms. ICS signed Form 1450 for procurements of the 119 Preemicare, Inc. infant incubators totaling $785,880.35. [IFB 8, Purchase Order Nos. 205 and 205A]. Section 2 of the Supplier Certificate and Agreement states:

> 2. The supplier will upon the request of A.I.D. promptly make appropriate refund to A.I.D., plus interest [at the rate established in accordance with the Internal Revenue Code, 26 U.S.C. 6621 (b) from the time of payment to the supplier, in the event of
> (a) its nonperformance, in whole or in part, under said contract;
> (b) any breach by it of any of the undertakings in this Certificate and Agreement, or
> (c) any false certificate or representation made by it in this Certificate and Agreement or in the Invoice-and-Contract Abstract on the reverse hereof.

7. USAID's sole contractual remedy to recoup the costs of the infant incubators is against ICS. Upon information and belief, USAID disregarded the Supplier Certificate and Agreement and failed to request ICS to refund the cost of the incubators to USAID. ICS, not JSI, is liable to USAID for the costs of the infant incubators.

8. Complete relief cannot be afforded all of the parties, and the subject matter of the pending action may not be conclusively resolved, without ICS.

9. If JSI is liable to USAID for the disallowed costs of the 119 Preemicare incubators purchased from ICS, then ICS is liable to JSI on an indemnity claim.

10. Even if ICS does not enter an appearance in this case, ICS may nonetheless be bound in a later suit in another court by certain determinations made in the instant case.

11. ICS has an interest in the subject matter of the pending action pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims. ICS should be notified of the pending action and of the opportunity to seek intervention and to assert an interest in the action.

WHEREFORE, for these and other such reasons as this Court may find, JSI requests the Court to grant this Motion and to direct the Clerk of the Court to issue notice to ICS of this pending action and of the opportunity to seek intervention and assert an interest herein.

DATED: February 6, 2006

Respectfully submitted,

Daniel A. Ball
SELZER, GURVITCH, RABIN & OBECNY, CHTD.
4416 East West Highway, 4th Floor
Bethesda, Maryland 20814
Direct: (301) 634-3147
Main: (301) 986-9600
Fax: (301) 986-1301
E-Mail: dball@sgrolaw.com

Counsel to Plaintiff John Snow, Inc.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN SNOW, INC.<br>44 Farnsworth Street<br>Boston, Massachusetts 02210-1211<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. ________ _____ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR NOTICE TO INTERESTED THIRD PARTY – ICS TECHNOLOGIES, INC.**

1. Rule 14(b) of the Rules of the United States Court of Federal Claims.

2. It is proper to provide notice of this action to ICS Technologies, Inc. ("ICS"), the supplier with whom Plaintiff John Snow, Inc. ("JSI") contracted to provide the infant incubators, because if the Court finds in favor of the government, ICS could be required to indemnify JSI. *Allied Oil & Supply. Inc. v. The United States*, 60 Fed. Cl. 223, 2004 U.S. Claims LEXIS 68 (2004).

3. Even if ICS does not enter an appearance in this case, ICS may nonetheless be bound in a later suit in another court by certain determinations made in the instant case. *Myrtle Beach Pipeline Co. v United States*, 6 Cl Ct 363, 32 CCFP 73014 (1984).

WHEREFORE, for reasons set forth in Plaintiff's Motion for Notice to Interested Third Party, ICS Technologies, Inc., the Plaintiff requests that the Notice be issued.

DATED: February 6, 2006

Respectfully submitted,

Daniel A. Ball
SELZER, GURVITCH, RABIN & OBECNY, CHTD.
4416 East West Highway, 4th Floor
Bethesda, Maryland 20814
Direct: (301) 634-3147
Main: (301) 986-9600
Fax: (301) 986-1301
E-Mail: dball@sgrolaw.com

Counsel to Plaintiff John Snow, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2006, a copy of the Complaint with Exhibits, and Plaintiff's Motion for Notice to Interested Third-Party – ICS Technologies, Inc., Memorandum of Points and Authorities in Support, and Order were sent by first class mail, postage prepaid, to:

Fawaz H. Arafat, President and Registered Agent
ICS Technologies, Inc.
6663-A Old Dominion Drive
McLean, Virginia 22101

Daniel A. Ball

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN SNOW, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. ____ |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

This matter has come before the Court on Plaintiff John Snow, Inc.'s Motion for Notice to Interested Third - Party, ICS Technologies, Inc. and the Memorandum of Points and Authorities in support thereof, filed pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims. The Court having considered the Motion (and the Opposition, if any, of The United States of America), and for good cause shown, it is this ____ day of ____________, 2006,

ORDERED, the that Motion be, and the same hereby is, granted; and

FURTHER ORDERED, that the Clerk of the Court, pursuant to Rule 14(b), shall issue Notice of this pending action and the opportunity to intervene and assert an interest therein, to Interested Third-Party, ICS Technologies, Inc., 6663-A Old Dominion Drive, McLean, Virginia 22101, whose President and Registered Agent for service of process are Mr. Fawaz H. Arafat.

____________________________
JUDGE, UNITED STATES COURT OF FEDERAL CLAIMS