IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN SNOW, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-97C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, John Snow, Inc. ("JSI" or Plaintiff), and Defendant, the United States ("Government" or Defendant), respectfully submit the following joint preliminary status report pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC").

**a. JURISDICTION**

Plaintiff believes that the Court possesses jurisdiction to entertain this action. Defendant is currently unaware of any reason why the Court lacks jurisdiction to entertain this action.

**b. CONSOLIDATION**

There are no known cases to consolidate with this matter.

**c. TRIAL BIFURCATION**

At this time, the parties do not believe the issues of liability and damages need to be bifurcated.

**d. DEFERRED PROCEEDINGS**

There is no need to defer proceedings at this time.

**e. REMAND/SUSPENSION**

No remand or suspension is contemplated at this time.

**f. ADDITIONAL PARTIES**

At the present time, the parties do not anticipate joining any other party.

**g. RCFC 12 AND 56 MOTIONS**

The parties anticipate filing dispositive motions pursuant to the following proposed schedule:

> Plaintiff will file a dispositive motion on or before **September 29, 2006**;
>
> Defendant will determine whether it needs discovery within 30 days of the filing of Plaintiff's dispositive motion. If Defendant determines that it needs discovery, the parties will propose a mutually agreeable schedule for conducting such discovery. If the parties are unable to agree that discovery is necessary, or are unable to agree upon a discovery schedule or upon the scope of discovery, or if they have any other discovery dispute that they cannot resolve, they will seek Court intervention to resolve the issue. If Defendant determines that it does not need to conduct discovery, it will file its response and/or cross-motion on or before **December 7, 2006**.
>
> Plaintiff will file its reply and/or a response to defendant's cross-motion on or before **January 12, 2007.**
>
> Defendant will file its reply to Plaintiff's response to its cross-motion on or before **February 9, 2007.**

**h. FACTUAL AND LEGAL ISSUES**

**PLAINTIFF'S POSITION**

1. Whether the government's disallowance of the costs of the incubators is a breach of the contract in that the government impermissibly shifts liability for replacement or correction of the incubators to JSI even though the contract incorporates Federal Acquisition Regulation 52.246-3(f), which provides: "Except as otherwise provided in

paragraph (h) of this clause, the cost of replacement or correction shall be included in allowable costs, determined as provided in the Allowable Cost and Payment clause, but no additional fee shall be paid."

2. Whether the government's rejection of the incubators is a breach of the contract because rejection occurred more than 60 days after delivery and the 119 Preemicare incubators had been accepted pursuant to the contract which incorporates Federal Acquisition Regulation 52.246-3(e), *Inspection of Supplies – Cost Reimbursement*

3. Whether the government's rejection of the incubators is a breach of contract because the contract which incorporates Federal Acquisition Regulations 52.246-3(f) provides that, even after acceptance, the Government has no later than six months after acceptance of the supplies to be delivered to require the Contractor to replace or correct any supplies that are nonconforming at time of delivery.

4. Whether JSI is liable for the costs of the incubators, even if they were non-confirming at the time of delivery, when the contract incorporates Federal Acquisition Regulation 52.246-3(j) which provides: "The Contractor shall have no obligation or liability under this contract to replace supplies that were nonconforming at the time of delivery, except as provided in this clause or as may be otherwise provided in the contract."

5. Whether the overnment's disallowance of JSI's Fee ($23,576.41) and Procurement Services Charge ($62,870.43) is a breach of contract in that (i) JSI properly earned the Fee and Charge by rendering services which were accepted and paid by the government, and (ii) there were no alleged "defects" or "non-conformity" in the services provided by JSI.

6. Whether USAID's disallowance of a percentage of the fixed fee that had already been paid is a breach of the contract in that (i) the contract was a performance

based contract and the fixed fee was paid upon completion of performance milestones; the performance milestones were certified by the USAID Contracts Technical Officer (CTO); and (iii) USAID's disallowance of a percentage of the fixed fee was based on actual costs, not the performance milestones, and therefore, USAID breached its contract with JSI.

7. Whether USAID acted prematurely by refusing to allow the testing and recertification process to be completed so that the Preeimcare incubators could be returned to service, and therefore, breached the contract with JSI and/or frustrated JSI's performance under the contract.

8. Whether USAID failed to mitigate its damages by refusing to allow the testing and recertification process to be completed so that the Preeimcare incubators could be returned to service.

9. Whether USAID's withdrawal of cooperation, abandonment and disavowal of the agreed upon Plan of Action, including its refusal to allow the testing and recertification process to be completed and the original incubators to be returned to service and its subsequent Notice and Amended Notice of Intent to Disallow Costs and its Final Decision violated Federal Acquisition Regulation, 48 C.F.R. 33.204 and the government's policy to try to resolve all contractual issues in controversy, and therefore, USAID breached its contract with JSI.

10. Whether USAID's Final Decision on its disallowance claim was *not necessary* as required by Federal Acquisition Regulation, 48. C.F.R. 33.211 because (i) reasonable means to satisfy the MOHP had not been exhausted; (ii) JSI had been working diligently with USAID and the MOHP under a Plan of Action to test and recertify the incubators, the final results of which were near completion when USAID ceased cooperation; and (iii) the MOHP expressed satisfaction with JSI's resolution and future disposition of the incubators

– and therefore, USAID breached its contract with JSI.

11. Whether all rights, title and interest in the Preemicare incubators had long since been transferred to and vested in the Egyptian Ministry of Health & Population when USAID obtained possession of the incubators and then instructed JSI on or July 24, 2005, to re-export 118 incubators from Egypt back to the United States.

12. Whether USAID is liable to JSI for all costs associated with re-exportation, including shipping and storage.

13. Whether USAID failed to validly issue a Notice of Intent to Disallow Costs, an Amended Notice of Intent to Disallow Costs, a Final Decision and Unilateral Debt Determination, and a Notice of Demand for Payment.

**GOVERNMENT'S POSITION**

1. Whether JSI breached its contract with the Government when it supplied non-conforming, defective medical supplies, including the incubators at issue, to the Egyptian Ministry of Health.

2. Whether JSI breached its contract with the Government, where JSI knew or should have known, of serious, life-threatening problems with the incubators soon after the incubators were delivered to hospitals and put into use.

3. Whether JSI was liable for breach of contract where its attempts to rectify the problems with the incubators failed.

4. Whether, due to its failure to provide the goods as required by the contract, JSI was liable to the Government for the payments it received for the defective incubators and the costs of removing, shipping and storing the incubators once they were taken out of service.

5. Whether JSI has a valid claim against the Government for the payments withheld for the defective incubators and for the costs incurred by JSI for removing, shipping and storing the defective incubators.

**i. LIKELIHOOD OF SETTLEMENT**

The Government contends that this matter will not likely settle until after dispositive motions and/or fact discovery are completed, if at all. The Government will consider engaging in alternative dispute resolution ("ADR") if, as a result of proceedings in this matter, ADR appears to be appropriate. However, any consent to mediation by the Government must be formally approved by appropriate Department of Justice officials.

Plaintiff's position is that until the Government is interested in considering settlement, then settlement is not likely. The Government from the inception of Plaintiff's claim through the present date has not expressed any interest in settlement. Plaintiff is interested in ADR if it can be conducted early enough in the case

**j. PROCEEDING TO TRIAL**

The parties currently do not know if this matter will proceed to trial. Neither party requests expedited trial scheduling.

**k. ELECTRONIC CASE MANAGEMENT**

There are no special needs at this time.

**l. OTHER ISSUES**

The parties bring the following matters to the attention of the Court:(1) Because this case involves a contract to supply incubators to the Egyptian Government, many of the witnesses are overseas; and (2) Plaintiff claims that legal fees are recoverable pursuant to a provision of the parties' contract and/or government contracting principles and is considering filing a claim for such fees.

**m. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

The parties respectfully request that the Court defer entry of a discovery schedule to provide Plaintiff an opportunity to file a dispositive motion, and to provide the parties the opportunity to take the subsequent steps discussed in paragraph (g), above.

Respectfully submitted,

/s/______________________
Daniel A. Ball
Ball & Associates, P.C.
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
Direct: (301) 634-3147
Fax: (301) 215-9297
E-Mail: dball@dablaw.com

Dated: August 14, 2006

Attorneys for Plaintiff John Snow, Inc.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/______________________
DEBORAH A. BYNUM
Assistant Director

/s/______________________
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Facsimile: (202) 353

Dated: August 14, 2006

Attorneys for Defendant

**Certificate of Filing**

I hereby certify that on August 14, 2006, a copy of foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel A. Ball