IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN SNOW, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 06-0097C |
| | § | (Judge Thomas C. Wheeler) |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims, Plaintiff John Snow, Inc., by and through counsel, requests the Court to grant it partial summary judgment on Count I of the Complaint. In support thereof, JSI states the following:

Plaintiff John Snow, Inc. ("JSI") procured 119 Preeimcare incubators for USAID in 2001 under the Healthy Mother/Healthy Child Contract, a contract aimed at reducing neonatal and mortality rates in Egypt. JSI procured the incubators from a supplier, ICS Technologies, Inc., at a cost of $785,880.35, which JSI paid. The incubators were shipped to Alexandria, Egypt where they cleared customs in the Spring of 2002 and were accepted by USAID and its consignee, Egypt and the Ministry of Healthy and Population. USAID paid JSI in 2002 for the costs of the incubators. As a result of maintenance, repairs, testing and recertification required by the incubators, USAID's Contracting Officer decided in November 2004 to disallow the costs of the incubators. On March 9, 2005, USAID issued a Final Decision that disallowed the costs and other fees. Although USAID contends in its Final Decision that the incubators are non-conforming, USAID

failed to require JSI to replace or correct the alleged non-conforming supplies within six (6) months after acceptance. And as a matter of Contract and the FAR, acceptance occurred within sixty (60) days after delivery to Egypt. USAID's remedy, if the incubators were non-conforming, was to require their replacement or correction within six (6) months after acceptance. Furthermore, because the Contract is a "Cost Plus Fixed Fee" contract, as a matter of the Contract and the FAR, USAID bears all the risks of the procurement and JSI's liability is limited. Through administrative offsets, USAID collected the sum of $872,327.18, plus interest, from JSI by withholding sums owed to JSI from other aspects of the Contract. As a result, USAID breached the FAR and the Contract.

The Court is referred to the attached Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, the Affidavit of Kenneth J. Olivola, Exhibits 1 – 17, and Plaintiff's Proposed Findings of Uncontroverted Fact. For these and such other reasons as may be presented in a reply brief and at a hearing in Court on this matter, Plaintiff John Snow, Inc. requests the Court to grant partial summary judgment in its favor on Count I.

Respectfully submitted,

________/s/____________________

Daniel A. Ball
Ball Law Offices
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
Direct: (301) 634-3147
Fax: (301) 215-9297
E-Mail: dball@dablaw.com

Dated: October 26, 2006

Counsel for Plaintiff John Snow, Inc.