IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN SNOW, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 06-0097C |
| | § | (Judge Thomas C. Wheeler) |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| | § | |

**APPENDIX NO. 1**

**ADMISSIONS MADE BY THE UNITED STATES**

The Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact admits to many important facts and legal issues that should enable this Court to grant Plaintiff's Motion for Partial Summary Judgment. As used below, "Finding #" refers to Plaintiff's Proposed Findings.

- The Government admitted that the Contract was a Cost-Plus-Fixed Fee (CPFF) completion contract. Finding #5.
- The Government admitted that USAID had paid JSI approximately three years prior to its Notice of Disallowance dated March 9, 2005. Finding #8.
- The Government admitted that the 119 Preemicare incubators cleared customs on January 26, 2002, February 12, 2002 and April 29, 2002 and immediately became the property of Egypt and the MHOP. Findings #11, #12. *(These dates are the first dates of acceptance. The clock for the Government began to run from the dates of acceptance. Alternatively, acceptance was deemed to have*

*occurred no later than 60 days after delivery to Egypt and the MOHP. See FAR 52.246-3(e) Inspection of Supplies - Cost Reimbursement.*

- The Government admitted that the incubators were delivered and installed at various MOHP facilities between May and July 2002. Finding #14.
- The Government admitted that the Contract incorporated by reference FAR 52.246-3, Inspection of Supplies – Cost Reimbursement; and that FAR 52.246-3(e) provides that "supplies shall be deemed accepted 60 days after delivery, unless accepted earlier." Finding # 15.
- The Government admitted Finding #17 is a legal conclusion: "As a matter of the Contract and the FAR, the Government's acceptance of the incubators could not have occurred, and did not occur, later than 60 days after each shipment clear Egyptian customs: January 26, 2002, February 12, 2002, and April 29, 2002." *(This issue is ripe for the Court's consideration on Summary Judgment.)*
- The Government admitted Finding #19 is a legal conclusion: "If JSI had an obligation to replace or correct supplies that were non-conforming at the time of delivery, the obligation was for no more than six (6) months" citing FAR 51.246-3(f). *(This issue is ripe for the Court's consideration on Summary Judgment.)*
- The Government admitted Finding #21 is a legal conclusion: "The Contract does not give the Government a post-acceptance right to recover the costs of the incubators. The Cost Plus Fixed Fee Contract affords the Government no basis for disallowing the costs of the incubators." *(This issue is ripe for the Court's consideration on Summary Judgment.)*

- The Government admitted Finding #22 is a legal conclusion: "Under the Cost Plus Fixed Fee Contract, the Government assumed the risk of performance because the contractor, JSI, received only what it spent plus a previously determined fee." *(This issue is ripe for the Court's consideration on Summary Judgment.)*

/s/
Daniel A. Ball
Ball Law Offices, P.C.
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
Direct: (301) 634-3147
Fax: (301) 215-9297
E-Mail: dball@dablaw.com

Dated: August 31, 2007

Counsel for Plaintiff John Snow, Inc.